————o————

## No. 6989.

## JOSEPH CANAL v. TERRENCE SMITH.

### Syllabus.

Where the preponderance of the evidence is for plaintiff and his witnesses are unimpeached, he is entitled to a judgment.

Appeal from the Civil District Court, Parish of Orleans, No. 115,909, Division "B"; Honorable Fred D. King, Judge. Reversed.

A. A. Moreno & Casby Jones, for plaintiff and appellant.
W. L. Gleason, for defendant and appellee.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

Plaintiff charges that, whilst in the employ of defendant as longshoreman, he was cursed, abused and shoved by defendant, and that he fell and injured his wrist, from which

he suffered for ten days, during which he was unable to work.

It is admitted that defendant, being displeased with plaintiff's work, did threaten to kick him, and several witnesses add that defendant called plaintiff by a vile name.

Defendant denies that he abused or shoved plaintiff or that plaintiff fell, and he is corroborated by the testimony of his white foreman.

But plaintiff and three witnesses called by himself (one white and two negroes) testify positively that defendant did abuse and shove plaintiff and that the latter did fall. And one witness (a white man) called by defendant also corroborates plaintiff and his witnesses, that plaintiff was shoved by defendant and that he fell.

Then also a physician (white) on whom plaintiff called to dress his wound, testifies that plaintiff was suffering from an abrasion of the wrist.

Eliminating the testimony of both plaintiff and defendant (both white) as interested parties, we still have the testimony of four disinterested witnesses, in addition to that of the physician, against the single testimony of defendant's foreman.

As these witnesses are not impeached in any way, we think that the preponderance of the evidence is clearly for plaintiff and entitles him to a judgment.

On the other hand we are satisfied that defendant acted without malice, that the vile name used was not intended to humiliate plaintiff, and that defendant when he shoved plaintiff did not intend to injure him but merely to hurry him along.

Under the circumstances plaintiff is entitled to actual damages and no more, and these we fix at One Hundred Dollars.

The judgment appealed from is therefore reversed and it is now ordered that plaintiff, Joseph Canal, have judgment against defendant, Terence Smith, for One Hundred Dollars with legal interest from judicial demand and the costs of both courts.

Opinion and decree, June 25th, 1917.